UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-22518-CIV-MORENO

LEOPARD 34 M, LLC,

    Plaintiff,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG,
PENNSYLVANIA,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STRIKE

THIS CAUSE came before the Court upon Defendant's Motion to Strike Jury Demand **(D.E. 19)**, filed on **November 24, 2020**.

THE COURT has considered the motion, the response, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.

### I. Introduction

This is a marine insurance dispute. In June 2019, Plaintiff's vessel sustained damage via overheated engine. It waited until October 2019 to submit the claim to its insurer, the Defendant, and the Defendant claimed that the passage of time allowed spoliation of the evidence. Nonetheless, Defendant alleges the cause of damage was mussel growth and because the policy excludes marine growth from the covered causes of loss, it does not have to pay out on the policy.

The instant motion concerns the Plaintiff's jury demand. Defendant moves to strike that demand because the complaint, which attempts to invoke this Court's diversity *and* admiralty

jurisdiction, fails to sufficiently allege facts that invoke diversity jurisdiction. Alternatively, even if the Plaintiff did properly invoke the Court's diversity jurisdiction, it specifically "unambiguously made an election to proceed in admiralty when it designated this case as 'an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.'"

Ultimately, the Court grants Defendant's motion to strike Plaintiff's jury demand because there is no right to trial by jury for admiralty claims, and the Plaintiff explicitly elected to proceed in admiralty while also failing to properly invoke the Court's diversity jurisdiction.

## II.     Plaintiff Did Not Properly Allege Facts to Support Diversity Jurisdiction

Plaintiff, Leopard 34M, LLC, is not a corporation—it is, obviously, an LLC. All non-incorporated entities, such as partnerships and limited liability companies, are citizens of every state in which any of their partners or members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). In order to evaluate the citizenship of an LLC, a complaint must plead the citizenship of *all* of an LLC's members, not just its managing members. *RFG Petro Sys., LLC v. Martin*, No. 2:20-cv-00656-JLB-MRM, 2020 WL 5230677, at *2 (M.D. Fla. Sept. 2, 2020) (citing *Rolling Greens*, 374 F.3d at 1022)); *Silver Crown Invs., LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) ("For purposes of diversity jurisdiction, it is the citizenship of an LLC's *members*—not its managers—that is relevant.") (emphasis in original). Thus, when pleading the citizenship of an LLC, there must be an allegation as to both the citizenship of the individual members *and their identities*. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010).

Plaintiff did not make such an allegation. It alleges, "The managing member of the Plaintiff is Asaska Investments, LLC, a limited liability corporation incorporated in the State of Florida

with its office and principal place of business in Miami-Dade County. The two managing members of Asaska Investments, LLC are both citizens of Florida." The generic allegation that both members, without revealing their identity, is insufficient to make a prima facie case of diversity. Additionally, the Plaintiff's allegations only address the managing members—not *all* members, as is required. In its response to Defendant's motion to strike the jury demand, Plaintiff files an affidavit of the LLC's corporate representative who avers that a) the *sole* member of Leopard 34M, LLC is Asaska Investments, LLC; and b) the *sole* members of Asaska Investments, LLC, are Albert Maury and Silvia Maury, both of whom are citizens of Florida. Elsewhere within the response, the Plaintiff requests the opportunity to amend its complaint pursuant to Fed. R. Civ. P. 15(a) in the event he Court deems it necessary to plead the above facts. Defendant argues such a couched request is improper—if the Plaintiff seeks affirmative relief, it must do so in the form of a motion. Additionally, Defendant notes, reliance on Fed. R. Civ. P. 15's liberal pleading standard is misplaced; because the amendment deadline in the Court's scheduling order has passed, Plaintiff must meet the "good cause" standard of Rule 16(b).

### III.   Plaintiff Elected to Proceed in Admiralty

Furthermore, Defendant argues it is irrelevant that the Plaintiff can now make a case of diversity jurisdiction because the Plaintiff explicitly elected to proceed in admiralty under Fed. R. Civ. P. 9(h). "[I]f there are two grounds for jurisdiction in the same case—such as admiralty and diversity jurisdiction—Rule 9(h) provides that the plaintiff may elect to proceed in admiralty." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009). Plaintiff's complaint is captioned "IN ADMIRLATY [sic]" just above the case caption and ¶ 4 reads "This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure . . . ." The law is clear—a Plaintiff who elects to proceed in admiralty or

who brings an action that a federal court only has subject-matter jurisdiction over due to its admiralty jurisdiction under 28 U.S.C. § 1333 is not entitled to a jury. *Waring v. Clarke*, 46 U.S. (5 How.) 441, 459-60 (1847); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996).

### IV.   Conclusion

Because Plaintiff failed to allege diversity, Plaintiff could not make a showing of good cause that would justify allowing amended pleadings at this advanced point in the litigation, and Plaintiff explicitly elected to proceed in admiralty, the Court GRANTS Defendant's motion to strike Plaintiff's jury demand.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd of April 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record